IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**RICHARD LEROY CLARK, JR.,**

    **Plaintiff,**

    v.                                              CASE NO. 23-3249-JWL

**TONDA HILL, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983. Plaintiff is in custody at the Wyandotte County Jail ("WCJ"). The Court granted Plaintiff leave to proceed in forma pauperis. On November 28, 2023, the Court entered a Memorandum and Order to Show Cause (Doc. 3) ("MOSC") granting Plaintiff until December 27, 2023, in which to show good cause why his Complaint should not be dismissed for the reasons set forth in the MOSC. This matter is before the Court on Plaintiff's responses (Docs. 4, 5, and 6).

Plaintiff's claims relate to his state criminal proceedings. On September 22, 2022, Plaintiff was found guilty after a jury trial in the District Court of Wyandotte County, Kansas. *See State v. Clark*, Case No. 19-cr-1370 (Wyandotte County District Court). Plaintiff alleges that the prosecutor in his state criminal case made improper statements to the jury, and Plaintiff's defense counsel "worked with the state to convict [him] of false charges." (Doc. 1, at 2.) Plaintiff claims that his defense counsel "filed bogus motions and allowed them to be used against [Plaintiff] a[t] trial." *Id*. Plaintiff claims prosecutorial misconduct and ineffective assistance of counsel. *Id*. at 3.

Plaintiff also claims that while housed at the WCJ, he was forced to be in a locked cell 23 hours a day while cold air was blowing out of the vents. *Id*. at 2, 4. Plaintiff names as

1

defendants: Tonda Hill, Prosecutor; Brett Richman, court-appointed attorney; and the WCJ.

The Court found in the MOSC that Plaintiff previously raised similar claims regarding his state criminal proceedings. *See Clark v. Cahill*, Case No. 22-3305-JWL-JPO. In that case, the Court explained to Plaintiff that to the extent Plaintiff challenges the validity of his conviction and sentence in his state criminal case, his federal claim must be presented in habeas corpus. "[A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, *but not to the fact or length of his custody.*" *Preiser v. Rodriguez,* 411 U.S. 475, 499 (1973) (emphasis added). When the legality of a confinement is challenged so that the remedy would be release or a speedier release, the case must be filed as a habeas corpus proceeding rather than under 42 U.S.C. § 1983, and the plaintiff must comply with the exhaustion of state court remedies requirement. *Heck v. Humphrey*, 512 U.S. 477, 482 (1994); *see also Montez v. McKinna,* 208 F.3d 862, 866 (10th Cir. 2000) (exhaustion of state court remedies is required by prisoner seeking habeas corpus relief); *see* 28 U.S.C. § 2254(b)(1)(A) (requiring exhaustion of available state court remedies). Therefore, any claim challenging his state sentence is not cognizable in a § 1983 action.

Likewise, before Plaintiff may proceed in a federal civil action for monetary damages based upon an invalid conviction or sentence, he must show that his conviction or sentence has been overturned, reversed, or otherwise called into question. *Heck*, 512 U.S. 477. If Plaintiff has been convicted and a judgment on Plaintiff's claim in this case would necessarily imply the invalidity of that conviction, the claim may be barred by *Heck*. In *Heck v. Humphrey*, the United States Supreme Court held that when a state prisoner seeks damages in a § 1983 action, the district court must consider the following:

> whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless

the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*Id*. at 487.  In *Heck*, the Supreme Court held that a § 1983 damages claim that necessarily implicates the validity of the plaintiff's conviction or sentence is not cognizable unless and until the conviction or sentence is overturned, either on appeal, in a collateral proceeding, or by executive order.  *Id*. at 486–87.  Plaintiff has not alleged that the conviction or sentence has been invalidated.

The Court also explained to Plaintiff in his prior case that his claims against the county prosecutor fail on the ground of prosecutorial immunity.  Prosecutors are absolutely immune from liability for damages in actions asserted against them for actions taken "in initiating a prosecution and in presenting the State's case."  *Imbler v. Pachtman*, 424 U.S. 409, 431 (1976).  The Court found in the MOSC that Plaintiff's claims concerning his criminal case fall squarely within the prosecutorial function.

The Court also explained to Plaintiff that he has not shown that his state court defense attorney was acting under color of state law as required under § 1983.  *See Polk Cty. v. Dodson*, 454 U.S. 312, 318–19, 321–23 (1981) (assigned public defender is ordinarily not considered a state actor because their conduct as legal advocates is controlled by professional standards independent of the administrative direction of a supervisor); *see also Vermont v. Brillon*, 556 U.S. 81, 91 (2009); *Dunn v. Harper County*, 520 Fed. Appx. 723, 725-26, 2013 WL 1363797 at *2 (10th Cir. Apr. 5, 2013) ("[I]t is well established that neither private attorneys nor public defenders act under color of state law for purposes of § 1983 when performing traditional functions as counsel to a criminal defendant." (citations omitted)).  A criminal defense attorney does not act under color of state even when the representation was inadequate.  *Briscoe v. LaHue*, 460 U.S. 325, 330 n.6 (1983).

Plaintiff has also named the WCJ as a defendant.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a *person* acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988) (emphasis added).  Prison and jail facilities are not proper defendants because none is a "person" subject to suit for money damages under § 1983.  *See Will v. Michigan Dept. of State Police*, 491 U.S. 58, 66, 71 (1989); *Clark v. Anderson*, No. 09-3141-SAC, 2009 WL 2355501, at *1 (D. Kan. July 29, 2009); *see also Aston v. Cunningham*, No. 99–4156, 2000 WL 796086 at *4 n.3 (10th Cir. Jun. 21, 2000) ("a detention facility is not a person or legally created entity capable of being sued"); *Busekros v. Iscon*, No. 95-3277-GTV, 1995 WL 462241, at *1 (D. Kan. July 18, 1995) ("[T]he Reno County Jail must be dismissed, as a jail is not a 'person' within the meaning of § 1983.").

Plaintiff's responses fail to adequately address the deficiencies set forth in the MOSC.  Plaintiff continues to attack his criminal conviction and seeks "[t]o be released from jail." (Doc. 4; Doc. 4–1, at 1–7; Doc. 5; Doc. 6.)  Plaintiff claims he does not know what to do because he is being told to file a federal habeas claim, "which [he's] done and then [he's] told to file this 1983 again." (Doc. 6.)  Plaintiff filed a § 2254 habeas action in 2023.  *See Clark v. Cahill*, Case No. 23-3229-JWL.  That case was dismissed "without prejudice" as premature because Plaintiff had not been sentenced yet.  *Id*. at Docs. 6, 10.  In Plaintiff's response in that case, he raised issues regarding his conditions of confinement and was instructed that to the extent he wishes to pursue his claims regarding his conditions of confinement, he must bring those claims in an action under § 1983.  *Id*. at Doc. 10, at 2.

Although Plaintiff improperly raises habeas claims in his current § 1983 action, he has also raised claims in his Complaint regarding his conditions of confinement at the WCJ.  Plaintiff

claims that he was on lockdown for 23 hours each day for an unspecified period of time. He also claims that cold air was blowing out of the vents at the WCJ. The Court found in the MOSC that Plaintiffs' allegations fail to allege a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm."

In response to the Court's MOSC, Plaintiff states that he is "locked down over 96 hours without showers, calling family or to try and hire legal counsel" and is:

> denied proper medical attention (twice KU Hospital has advised the medical staff here that I need to make appointment with a heart doctor, I've been denied mental health treatment and when having chest pains and numbness and pain along left side, I can't get medical attention because the officers here refuse to answer emergency call button . . . [i]t is sometimes hours later that they answer, but by then the numbness & pain is gone . . . [a]ll except in my left thigh.

(Doc. 4–1, at 8.) Plaintiff also states that "[d]ue to the facts that I'm locked in this cell and freezing I'm also denied proper medical attention." (Doc. 5.) Plaintiff states that "[c]oncerning WCJ warden, I've been locked down now 3 days (72 hours) in freezing cell blowing nothing but cold air out of vent." (Doc. 6.)

Although Plaintiff's conditions of confinement claims are properly brought in this § 1983 action, his allegations fail to state a claim. A prison official violates the Eighth Amendment when two requirements are met. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).[1] "First, the deprivation alleged must be, objectively, 'sufficiently serious.'" *Id*. To satisfy the objective component, a prisoner must allege facts showing he or she is "incarcerated under conditions posing a substantial risk of serious harm." *Id.*; *Martinez v. Garden*, 430 F.3d 1302, 1304 (10th

---

[1] The same standard applies to pretrial detainees. The Tenth Circuit has held that a pretrial detainee's claims regarding conditions of confinement are governed by the Due Process Clause, and that "the Eighth Amendment standard provides the benchmark for such claims." *Routt v. Howard*, 764 F. App'x 762, 770 (10th Cir. 2019) (unpublished) (quoting *Craig v. Eberly*, 164 F.3d 490, 495 (10th Cir. 1998)); *see also Hooks v. Atoki*, 983 F.3d 1193, 1203–04 10th Cir. 2020) (declining to extend *Kingsley's* exclusively objective standard for pretrial detainees' excessive force claims to Fourteenth Amendment deliberate indifference claims).

Cir. 2005). The Eighth Amendment requires prison and jail officials to provide humane conditions of confinement guided by "contemporary standards of decency." *Estelle v. Gamble*, 429 U.S. 97, 103 (1976).

The Supreme Court has acknowledged that the Constitution "'does not mandate comfortable prisons,' and only those deprivations denying 'the minimal civilized measure of life's necessities' are sufficiently grave to form the basis of an Eighth Amendment violation." *Wilson v. Seiter*, 501 U.S. 294, 298 (1991) (internal citations omitted). Indeed, prison conditions may be "restrictive and even harsh." *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981). "Under the Eighth Amendment, (prison) officials must provide humane conditions of confinement by ensuring inmates receive the basic necessities of adequate food, clothing, shelter, and medical care and by taking reasonable measures to guarantee the inmates' safety." *McBride v. Deer*, 240 F.3d 1287, 1291 (10th Cir. 2001) (citation omitted).

The second requirement for an Eighth Amendment violation "follows from the principle that 'only the unnecessary and wanton infliction of pain implicates the Eighth Amendment.'" *Farmer*, 511 U.S. at 834. Prison officials must have a "sufficiently culpable state of mind," and in prison-conditions cases that state of mind is "deliberate indifference" to inmate health or safety. *Id*. "[T]he official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. "The Eighth Amendment does not outlaw cruel and unusual 'conditions'; it outlaws cruel and unusual 'punishments.'" *Id*. It is not enough to establish that the official should have known of the risk of harm. *Id*.

Because the sufficiency of a conditions-of-confinement claim depends upon "the particular facts of each situation; the 'circumstances, nature, and duration' of the challenged

conditions must be carefully considered." *Despain v. Uphoff*, 264 F.3d 965, 974 (10th Cir. 2001) (quoting *Johnson v. Lewis*, 217 F.3d 726, 731 (9th Cir. 2000)). "While no single factor controls . . . the length of exposure to the conditions is often of prime importance." *Id*. As the severity of the conditions to which an inmate is exposed increases, the length of exposure required to make out a constitutional violation decreases. Accordingly, "minor deprivations suffered for short periods would not rise to an Eighth Amendment violation, while 'substantial deprivations. . .' may meet the standard despite a shorter duration." *Id*. (citations omitted).

Plaintiff's allegations regarding his lockdown and the cold air from the vents fail to state a "sufficiently serious" deprivation or facts showing he is "incarcerated under conditions posing a substantial risk of serious harm." Plaintiff does not mention medical care in his Complaint and raises it for the first time in his responses. Plaintiff does not state when he was denied medical care or who allegedly denied him medical care. Plaintiff states that there was delay by the "officers" in responding to his call for medical care. However, delay in providing medical care does not violate the Eighth Amendment, unless there has been deliberate indifference resulting in substantial harm. *Olson v. Stotts*, 9 F.3d 1475 (10th Cir. 1993). In situations where treatment was delayed rather than denied altogether, the Tenth Circuit requires a showing that the inmate suffered "substantial harm" as a result of the delay. *Sealock v. Colorado*, 218 F.3d 1205, 1210 (10th Cir. 2000) (citation omitted). "The substantial harm requirement 'may be satisfied by lifelong handicap, permanent loss, or considerable pain.'" *Mata v. Saiz*, 427 F.3d 745, 751 (10th Cir. 2005) (quoting *Garrett v. Stratman*, 254 F.3d 946, 950 (10th Cir. 2001)).

Plaintiff has failed to show that any defendant disregarded an excessive risk to his health or safety or that they were both aware of facts from which the inference could be drawn that a substantial risk of serious harm existed, and also drew the inference. Plaintiff's claims suggest,

at most, negligence.

Plaintiff's conclusory allegations are insufficient to state a claim based on his conditions of confinement.  The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated."  *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007).  The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."  *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

**IT IS THEREFORE ORDERED BY THE COURT** that this matter is **dismissed** for failure to state a claim.

**IT IS SO ORDERED**.

**Dated January 3, 2024, in Kansas City, Kansas.**

>**S/  John W. Lungstrum**
>**JOHN W. LUNGSTRUM**
>**UNITED STATES DISTRICT JUDGE**